IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NOS. WR-79,487-01 AND WR-79,487-02




EX PARTE ERMINIO ARROYOS, JR., Applicant




ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
CAUSE NOS. CR11627 AND CR11713 IN THE 355TH DISTRICT COURT
FROM HOOD COUNTY




            Per curiam.

O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of one charge
of possession of a firearm by a felon and one charge of possession of a controlled substance, and
sentenced to ninety-nine years’ imprisonment. The Second Court of Appeals affirmed his
convictions. Arroyos v. State, Nos. 02-11-00135-CR and 02-11-00136-CR (Tex. App. – Fort Worth,
May 3, 2012).
            Applicant contends that his appellate counsel rendered ineffective assistance because counsel
failed to timely notify Applicant that his conviction had been affirmed and failed to advise him of
his right to petition pro se for discretionary review.
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Wilson, 956 S.W.2d 25 (Tex. Crim. App. 1997). In these
circumstances, additional facts are needed. Pursuant to Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order appellate counsel to respond to Applicant’s claim of ineffective assistance of counsel on
appeal. Specifically, appellate counsel shall state the earliest date upon which he advised Applicant
of the court of appeals’ decision, provided a copy of the appellate opinion to Applicant, and advised
Applicant of his right to pursue discretionary review pro se. Appellate counsel shall also provide
any documentation showing when he so advised Applicant. If appellate counsel does not have such
documentation, the trial court shall obtain an affidavit from the unit mail room in which Applicant
was held during the applicable period, stating whether Applicant received any legal mail from
appellate counsel between May 3, 2012, and June 3, 2012. The trial court may use any means set
out in Tex. Code Crim. Proc. art. 11.07, § 3(d).
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04.
            The trial court shall make findings of fact and conclusions of law as to whether Applicant’s
appellate counsel timely informed Applicant that his conviction had been affirmed and that he has
a right to file a pro se petition for discretionary review. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant’s claim for habeas corpus relief.
            These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.
 
Filed: May 22, 2013
Do not publish